IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| TIA WILLIAMS, | : | |
| | : | CASE NO. 1:21-cv-175 |
| Plaintiff, | : | |
| | : | |
| v. | : | Judge |
| | : | |
| | : | |
| NISSEN STAFFING CONTINUUM, INC., | : | |
| | : | |
| Defendant. | : | **COMPLAINT** |
| | : | **WITH JURY DEMAND** |
| | : | |
| | : | |
| | : | |

I. **PARTIES**

1. Plaintiff Tia Williams ("Plaintiff") is an Ohio citizen who resides in Fairfield, Ohio. During all relevant times, Plaintiff was a uniformed member of the United States Air Force and a protected employee under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), codified as amended at 38 U.S.C. § 4303(3).

2. Defendant Nissen Staffing Continuum, Inc. ("Defendant") is a foreign for profit corporation, headquartered in Waukesha, Wisconsin and with offices in Ohio. During all relevant time periods, Defendant was a private "employer" under 38 U.S.C. §§ 4303(3) and 4323.

3. Plaintiff seeks back pay, front pay, benefits, compensatory damages, liquidated damages, attorneys' fees and cost associated with this action, and all other damages and equitable relief allowed to her for retaliation by Defendant under the USERRA.

## II. JURISDICTION AND VENUE

1. Jurisdiction in this case is proper under 38 U.S.C. § 4323 which grants the District Court jurisdiction to hear this action without regard to the amount in controversy.

2. Defendant engaged in business in this District and engaged in tortious acts or omissions within this District, and has otherwise made or established contacts within this District sufficient to permit the exercise of personal jurisdiction.

3. Venue is appropriate in this District Court under 28 U.S.C. § 1391(b) because (i) Defendant has business operations in this District, (ii) a substantial part of the events giving rise to Plaintiff's claims occurred in this District, and (iii) this is the District in which Plaintiff works and resides.

## III. FACTUAL BACKGROUND

4. The USERRA forbids an employer from discriminating or retaliating against an employee for being on military leave. Such prohibited conduct includes changing job duties, demoting, or terminating the employee's employment in retaliation for requesting or taking military leave. Plaintiff asserts claims under the USERRA based on Defendant's retaliatory conduct, which includes terminating Plaintiff's employment in retaliation for engaging in protected conduct under the USERRA by requesting and taking military leave.

5. Plaintiff has been an active member of the Air Force Reserves over 4 years and works out of the base located in Peru, Indiana. In 2020, Plaintiff started working at Defendant as a career consultant at their location in Fairfield, Ohio.

6. Upon information and belief, Plaintiff was not any PIP or had not been disciplined during the course of her employment with Defendant. On or around February 2, 2021, Plaintiff contacted her supervisor, Catherine Klineschmidt, via email informing her that Plaintiff

2

would need military leave from February 5 to 7, 2021 because her unit was restarting in-personal drill at the base in Peru, Indiana. For the past several months, all drill had been performed virtually because of the Covid-19 pandemic.

7. Subsequently, on February 4, 2021, Ms. Klineschmidt contacted Plaintiff and asked why she needed Friday, February 5 off for military leave if drill was only two days. Plaintiff informed Ms. Klineschmidt that, since Plaintiff resides in the Cincinnati, Ohio area, the Air Force grants her 1 day for travel, in addition to 2 days for drill. During this conversation, Ms. Klineschmidt seemed agitated that Plaintiff was taking military leave on Friday, February 5, 2021.

8. Plaintiff took military leave from February 5 to 7, 2021, returned to work on Monday, February 8, 2021, without incident. On Wednesday, February 10, 2021 (a mere two days after returning from military leave), Plaintiff was called into a meeting with Justin Wells and a member of human resources where she was terminated.

9. Upon information and belief, no non-discriminatory event occurred between February 8 to 10, 2021, which would justify Defendant terminating Plaintiff's employment.

10. Upon information and belief, these facts (coupled with the temporal proximity between Plaintiff taking military leave, her returning from leave, and her termination) establishes that any purported reason for terminating Plaintiff was pretextual and, in fact, Plaintiff was terminated in retaliation for taking military leave.

## COUNT I
## RETALIATION UNDER USERRA

11. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 10 of this Complaint as if fully set forth herein.

12. Section 4311 of the USERRA prohibits Defendant as an employer from discriminating or retaliating against Plaintiff as an employee for requesting or being on military leave.

13. Plaintiff engaging in protected activities under the USERRA by requesting and taking military leave.

14. Defendant subjected Plaintiff to adverse employment actions when it targeted Plaintiff and terminated Plaintiff for engaging in protected activities under the USERRA.

15. Plaintiff has been damaged because of Defendant's retaliation in an amount to be determined by the Court, to include compensatory damages, liquidated damages, attorneys' fees, and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks this Court to enter judgment in his favor as follows:

A. Award Plaintiff all back pay, front pay, all lost benefits, and other equitable belief;

B. Award Plaintiffs all compensatory, statutory, and liquidated damages in an amount to be determined at trial;

C. Award Plaintiff pre-judgment and post-judgment interested in an amount to be determined at trial;

D. Award Plaintiff his attorney's fees, costs and expenses in an amount to be determined at trial; and

E. Award Plaintiff such other and further relief Plaintiff is entitled under the law and as this Court deems necessary.

Respectfully submitted,

/s/ *Adam V. Sadlowski*
Adam V. Sadlowski, Esq. (0079582)
SADLOWSKI & BESSE L.L.C.
11427 Reed Hartman Highway, Suite 217
Blue Ash, Ohio 45241
Tel: (513) 618-6595
Fax: (513) 618-6442
asadlowski@sb-lawyers.com
cbesse@sb-lawyers.com

*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all triable issues.

/s/ *Adam V. Sadlowski*
Adam V. Sadlowski